## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JARED LOCKWOOD,**

     **Plaintiff,**

     v.                              **CASE NO. 22-3027-SAC**

**MICHAEL SMITH, et al.,**

     **Defendants.**

### **MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights complaint under 28 U.S.C. § 1331.  Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On February 15, 2022, the Court entered a Memorandum and Order (Doc. 5) (M&O) directing the officials responsible for the operation of USPL to submit a *Martinez* Report.  The Report was filed on April 25, 2022.  (Docs. 13, 16.)  The Court's M&O provides that once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A. (Doc. 5, at 6.)  Therefore, this matter is before the Court for screening Plaintiff's Complaint in light of the Report.  Plaintiff's claims and the Court's screening standards are set forth in the Court's M&O.

The Report provides that Plaintiff has not exhausted his administrative remedies with respect to the subject matter of the claims he makes in the Complaint:  denial of Medication Assisted Treatment ("MAT")  in violation of the Eighth Amendment and Equal Protection Clause. (Doc. 13–1, at 4; Doc. 13–3, at 44–58.)  Plaintiff's Administrative Remedy records show that he submitted a request for informal resolution regarding the MAT program on January 24, 2022. (Doc. 13–3, at 60.)  On February 4, 2022, staff responded that Plaintiff was added to the schedule to see a provider.  *Id*.  On February 8, 2022, Plaintiff filed a Request for Administrative Remedy

(1110785-F1) at the institution stating that he wants to be evaluated for MAT treatment with Sublocade or a similar medication. *Id*. at 61. Defendant Hudson responded on March 3, 2022, denying the Request for Administrative Remedy and advising Plaintiff that records indicated he had been added to the schedule for evaluation by a provider. *Id*. at 62. On March 14, 2022, Plaintiff filed a Regional Administrative Remedy Appeal stating that he wanted to be evaluated for MAT treatment with Sublocade or similar medication. *Id*. at 63. A response has not been issued to Plaintiff's Regional Appeal (1110785-R1) and it remains open with a response due date of May 13, 2022. *See id*. at 58.

The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. *See also* Program Statement 1330.18, *Administrative Remedy Program* (Doc. 13–3, at 27–42.) The purpose of the program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. *Id*. at 27. The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is hauled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90. The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels. Plaintiff should show good cause why his claims should not be dismissed for failure to exhaust administrative remedies.

Regarding Plaintiff's medical claims, the Report provides that:

> There is no evidence or information available to support Plaintiff's allegations that staff were deliberately indifferent to a serious medical need or that Plaintiff has been denied equal protection. While it appears Plaintiff first inquired about MAT in late July 2021, it does not appear that he was using opioids at that time; further, he had just recently reported during his health

screening on July 2, 2021, that his most recent opioid use was more than five years prior.  Plaintiff stated in my interview of him th[at] he began to use opioids in October 2021. He began NR-DAP in November 2021 which he participated in for several months before successfully completing in March 2022. I reviewed Plaintiff's incarceration records and found that he has not been disciplined for use or possession of drugs. Further, correctional services staff informed me that Plaintiff has not failed any drug tests during his time at USP Leavenworth.

Plaintiff is currently being assessed and screened for MAT and Dr. Clark plans to start treatment with Vivitrol as soon as possible, if Plaintiff agrees to treatment.  Plaintiff expresses concerns about opioid withdrawal, however, he has been prescribed medications to assist with those symptoms. Further, Plaintiff's requests for treatment using Sublocade is not possible at USP Leavenworth due to registration requirements imposed by the Food and Drug Administration. Naltrexone/Vivitrol is one of the three recognized and approved MAT medications in use in BOP institutions and appears to be frequently used in the community and the most prominently used MAT therapy at USP Leavenworth. The record does not reveal a deliberate intent to deprive Plaintiff of MAT treatment and I am not aware of any other inmate or detainee at USP Leavenworth who have complained of lack of access to MAT.

(Doc. 13–1, at 10–11.)

In light of the *Martinez* Report, the Court is considering dismissal of this matter for failure to exhaust administrative remedies or for failure to state a claim.  The Court will grant Plaintiff an opportunity to respond to the Report and to show good cause why his Complaint should not be dismissed.  Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall have until **June  2, 2022,** to file a response to the *Martinez* Report at Doc. 13.

**IT IS SO ORDERED**.

**Dated May 2, 2022, in Topeka, Kansas.**

S/ Sam A. Crow
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**