**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JARED LOCKWOOD,**

   **Plaintiff,**

   v.                                                     **CASE NO. 22-3027-SAC**

**MICHAEL SMITH, et al.,**

   **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights complaint under 28 U.S.C. § 1331.  Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On February 15, 2022, the Court entered a Memorandum and Order (Doc. 5) (M&O) directing the officials responsible for the operation of USPL to submit a *Martinez* Report.  The Report was filed on April 25, 2022.  (Docs. 13, 16.)  The Court screened Plaintiff's Complaint in light of the Report, and entered a Memorandum and Order (Doc. 18) ("M&O II") finding that the Court was considering dismissal of this matter for failure to exhaust administrative remedies or for failure to state a claim.  The Court granted Plaintiff until June 2, 2022, in which to respond to the Report and to show good cause why his Complaint should not be dismissed.  Plaintiff was granted an extension of time until June 17, 2022, to respond, and granted a further extension until July 5, 2022, in which to respond to the MOSC II.  (Docs. 20, 22.)  Plaintiff has failed to respond by the Court's deadline.

The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is hauled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels.

In the MOSC II, the Court noted that the Report provides that Plaintiff has not exhausted his administrative remedies with respect to the subject matter of the claims he makes in his Complaint. (Doc. 18, at 1.) At the time the Report was filed, Plaintiff had appealed to the regional level and a response had not yet been received. Under the BOP's four-part administrative remedy program codified at 28 C.F.R. § 542, Plaintiff would need to appeal to the national level after receiving a response at the regional level. The Court ordered Plaintiff to show good cause why his claims should not be dismissed for failure to exhaust administrative remedies. (Doc. 18, at 2.)

The Report also provides that Plaintiff is currently being assessed and screened for MAT and that plans were in place to start treatment with Vivitrol as soon as possible if Plaintiff agrees to treatment. (Doc. 13-1, at 10.) The Report also provides that Plaintiff has been prescribed medications to assist with opioid withdrawal symptoms. *Id.* The Report further provides that:

> Plaintiff's requests for treatment using Sublocade is not possible at USP Leavenworth due to registration requirements imposed by the Food and Drug Administration. Naltrexone/Vivitrol is one of the three recognized and approved MAT medications in use in BOP institutions and appears to be frequently used in the community and the most prominently used MAT therapy at USP Leavenworth. The record does not reveal a deliberate intent to deprive Plaintiff of MAT treatment and I am not aware of any other inmate or detainee at USP Leavenworth who have complained of lack of access to MAT.

*Id.* at 10–11.

Plaintiff was ordered to show good cause why his Complaint should not be dismissed for failure to exhaust administrative remedies or for failure to state a claim. The Court's MOSC II provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this action

without further notice." (Doc. 18, at 3.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed.

IT IS THEREFORE ORDERED BY THE COURT that this matter is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

**Dated July 11, 2022, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**