IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JARED LOCKWOOD,

    **Plaintiff,**

    v.                                                                         CASE NO. 22-3027-SAC

MICHAEL SMITH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 28 U.S.C. § 1331. Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On February 15, 2022, the Court entered a Memorandum and Order (Doc. 5) (M&O) directing the officials responsible for the operation of USPL to submit a *Martinez* Report. The Report was filed on April 25, 2022. (Docs. 13, 16.) The Court screened Plaintiff's Complaint in light of the Report, and entered a Memorandum and Order (Doc. 18) ("M&O II") finding that the Court was considering dismissal of this matter for failure to exhaust administrative remedies or for failure to state a claim. The Court granted Plaintiff until June 2, 2022, in which to respond to the Report and to show good cause why his Complaint should not be dismissed. Plaintiff was granted an extension of time until June 17, 2022, to respond, and granted a further extension until July 5, 2022, in which to respond to the M&O II. (Docs. 20, 22.) The Court dismissed this matter for failure to exhaust administrative remedies on July 11, 2022. (Docs. 23, 24.) This matter is before the Court on Plaintiff's Response to Martinez Report (Doc. 25) and Request for Reconsideration of Preliminary Injunction and Temporary Restraining Order (Doc. 26).

1

The Court dismissed this case without prejudice for failure to exhaust administrative remedies. In Plaintiff's response, he acknowledges that he did not fully exhaust his administrative remedies, arguing that the process is too slow and he was "unable to wait." (Doc. 25, at 2; Doc. 26, at 2.) Plaintiff also notes that since the *Martinez* Report was filed, he has met with Dr. Clark and taken the Vivitrol/Naltrexone "challenge." *Id*. Plaintiff claims that he had a severe reaction to the medication and was told there are no further MAT options available at USPL. Plaintiff was then seen by Dr. Wiseman for counseling on May 19, 2022. During the session, Dr. Wiseman offered to assist Plaintiff with transferring to another institution where other MAT therapy options would be available. *Id*. Plaintiff also states that on May 25, 2022, he "mailed in the final stage of his administrative remedies." *Id*. The Court has considered Plaintiff's response, and finds that it does not change the Court's analysis in its July 11, 2022 Memorandum and Order dismissing this matter for failure to exhaust administrative remedies.

Plaintiff also seeks injunction relief, asking the Court to order Defendants to provide Plaintiff with an additional MAT option, because Vivitrol (Naltrexone) is "clearly not a viable option." *Id*. at 7. Plaintiff asks the Court "to grant injunctive relief, or as an alternative, if Plaintiff has failed to convince the court to grant injunctive relief, perhaps the court would be inclined to dismiss suit due to non-exhaustion." *Id*. at 12. The Court notes that this case was dismissed without prejudice for failure to exhaust administrative remedies. It was not dismissed on the merits for failure to state a claim.

The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is hauled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

2

The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels.

Plaintiff acknowledges that Dr. Wiseman has agreed to assist Plaintiff with being transferred to a facility with more options for treatment. Until Plaintiff has fully exhausted, the BOP has not had an opportunity to correct the situation. The Court dismissed this matter without prejudice for failure to exhaust administrative remedies. Plaintiff notes that he is in the final stages of exhausting his administrative remedies. Because the case was dismissed without prejudice, he may refile his claims after he has fully exhausted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Request for Reconsideration of Preliminary Injunction and Temporary Restraining Order (Doc. 26) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated July 14, 2022, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**